### STATE *vs.* ROBERT B. M'DONALD.

Liability of election officers for taking illegal votes.

New Castle, May term, 1845. The indictment was against defendant as presiding officer of an election, for knowingly and wilfully taking the illegal vote of one John Pontseller.

· *The Court.*—The ground on which the vote was objected to was want of residence.   P. had resided in Wilmington, and left his home for Pennsylvania.   For what purpose? was it a change of residence? This is to be collected from his acts and declarations.   If he went with the intention to reside in Pennsylvania, or to give up his abode in Delaware; it was a loss of the residence, and he had no right to vote.   Even if he went with a floating intention to return, it would be a loss of residence.   (9th vol. 379.)

Did defendant take the vote knowing it to be an illegal vote? Defendant acted in a judicial capacity, and is not to be held liable criminally for a mere error in judgment; any more than a justice of the peace, juror, or judge.   If, therefore, a presiding officer or judge of election, acting honestly from the best judgment he can form on the evidence before him, take a vote which turns out to be an illegal vote, he is not liable legally or morally.   But if such officer, knowing a vote to be illegal, takes it corruptly, his position cannot protect him from the just punishment of his offence.   The law requires the presiding officer at this election to call to his aid two freeholders whom it makes the judges of the election, equally with himself.   Where, therefore, a vote is challenged, and two of the judges concur in rejecting it as an illegal vote, the presiding officer has no right to receive it; and, if he does receive it, and it turns out to be an illegal vote, it would be evidence of corruption.   (*Dig.* 177.)

The defendant was convicted, and fined $200.